379 So.2d 1199 (1980)
STATE of Louisiana, ex rel. William J. GUSTE, Jr., Attorney General, The Louisiana Stadium and Exposition District and Louisiana Division of Administration, Plaintiff & Appellant,
v.
CHEMICAL APPLICATORS OF LAFAYETTE, INC., Defendant & Appellee.
No. 7325.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
*1200 George B. Recile, New Orleans, for plaintiffs & appellants.
Mouton, Roy, Carmouche, Bivens & Kraft, Ralph E. Kraft, Lafayette, for defendant & appellee.
Before CULPEPPER, DOMENGEAUX and STOKER, JJ.
CULPEPPER, Judge.
This is a suit for damages for breach of contract. The Louisiana Stadium and Exposition District, hereafter LSED, alleges it contracted with the defendant, Chemical Applicators of Lafayette, Inc., to clean the No. 5 air-conditioning absorption chiller in the Louisiana Superdome in New Orleans, and that, during the cleaning process, defendant damaged the tubes in the chiller, requiring repairs which cost $47,060. Defendant filed an exception of prescription on the grounds that its contract to clean the chiller was with Building Engineer Services Company, hereafter BESCO, that defendant had no privity of contract with LSED, and therefore this suit is actually in tort and has prescribed by the liberative prescription of one year. The district judge sustained the exception of prescription. From a judgment dismissing its suit, plaintiff appealed.
The facts, as disclosed by the pleadings and evidence introduced at the hearing on the exception of prescription, show that on May 10, 1974 LSED entered into a contract with BESCO to operate and maintain certain facilities in the Louisiana Superdome. Under this agreement, LSED agreed to reimburse BESCO for all direct expenditures for tools, materials, services and supplies in connection with maintenance of the equipment. Prior to October 1, 1976, one of BESCO's employees negotiated an oral contract with the defendant to clean Absorption Chiller No. 5 for the sum of not over $900. The work was performed by defendant on or about October 1, 1976.
After the work was completed, the Division of Administration of the State of Louisiana issued Purchase Order No. 12001 of date, October 12, 1976, to Chemical Applicators for the cost of cleaning No. 5 Chiller, not to exceed $900. In response to this purchase order, the defendant, Chemical Applicators of Lafayette, issued its Invoice No. 12621 to Louisiana Stadium and Exposition District of date, October 18, 1976 for services actually performed in cleaning the chiller, the total amount of the invoice being $615.80. The evidence shows this invoice by the defendant was never paid, because the engineers for BESCO discovered the damage to the chiller.
The record also contains an assignment dated March 2, 1979 by BESCO to LSED of any rights of BESCO against Chemical Applicators for damages arising out of the malperformance of the contract to clean Absorption Chiller No. 5, and in particular assigning any rights which BESCO had to the claim asserted by LSED in the present suit. Thus, if the contract was only with BESCO, as defendant contends, BESCO has assigned to plaintiff all of its rights to sue for breach of that contract.
We conclude there was a contract between LSED and Chemical Applicators for the cleaning of Absorption Chiller No. 5. Under the agreement between LSED and BESCO, the latter was acting as agent of the former in negotiating the contract with Chemical Applicators. This is clearly shown to be the understanding of the parties by the purchase order issued by the Division of Administration of the State of Louisiana on October 12, 1976 to Chemical Applicators for the cleaning of the chiller, and by the invoice issued by Chemical Applicators of date, October 18, 1976 directed to LSED for its charges in the sum of $615.80 for the services performed in cleaning the chiller.
Furthermore, if for any reason BESCO was not the agent of LSED in negotiating *1201 with Chemical Applicators the contract to clean the chiller, BESCO has assigned to the plaintiff, LSED, all of its rights to claim damages in this suit for breach of the contract.
The law is clear that where a party has been damaged by conduct arising out of a contract he may have a right to seek damages both in tort and for breach of contract. In this event, he has the option of pursuing either type of action. In this case, LSED has chosen to seek damages for breach of contract. See Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972) and the authorities cited therein. Plaintiff having chosen to seek damages for breach of contract, instead of tort, the applicable liberative prescription for this action is ten years under LSA-C.C. Article 3544. This suit was filed well within the ten-year period.
For the reasons assigned, the judgment appealed is reversed and set aside, it is now decreed that defendant's exception of prescription is overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant-appellee. Costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.