543 So.2d 494 (1989)
Jacqueline SCOTT
v.
Cardell A. THOMAS, Esq., et al.
No. 88-CA-1247.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Rehearing Denied June 14, 1989.
*495 Brenda M. Brown, New Orleans, for plaintiff-appellant.
Charles F. Gay, Jr., Thomas B. Wahlder, Adams and Reese, New Orleans, for defendants-appellees.
Before GARRISON and CIACCIO, JJ., and PRESTON H. HUFFT, J. Pro Tem.
GARRISON, Judge.
On September 18, 1985, the plaintiff, Jacqueline Scott, was raped and sodomized by an assailant and forced to perform oral sex on him in her apartment which was owned and managed by the Housing Authority of New Orleans (HANO). The assailant allegedly entered plaintiff's apartment through a window which had been broken for more than one year. Plaintiff claims that she repeatedly reported this broken window to HANO without results. As a result of this attack, plaintiff claims that she suffered internal injuries and severe psychological damage.
After her assailant was convicted and sentenced to prison, plaintiff retained attorney Cardell Thomas to represent her in a civil action against HANO for its negligence in failing to repair the broken window. Thomas agreed to represent Scott, referred her to a psychiatrist and agreed to be responsible for the psychiatrist's fees. Plaintiff received therapy from the psychiatrist until she was informed by the psychiatrist that her therapy was being discontinued because Thomas did not pay the bill for the psychiatrist's services. Scott then made numerous unsuccessful attempts to contact Thomas and later learned that her tort case had prescribed after one year because Thomas failed to file a petition in her case against HANO.
Thereafter, plaintiff filed this malpractice suit against Thomas and his unnamed professional liability insurance carrier who was later identified as New England Insurance Company. Plaintiff claims in this suit that she is still in need of psychological counseling.
The defendant filed a motion for summary judgment alleging that because Scott still has a viable breach of contract claim against HANO which is governed by a ten year prescriptive period, plaintiff cannot prove an essential element in her legal malpractice claim, i.e. that she suffered damages as a result of defendant Thomas' allegedly negligent representation. Therefore, defendants claimed that they were entitled to judgment as a matter of law because there was no genuine issue as to material fact. LSA-C.C.P. art. 966. The trial judge granted defendant's motion for summary judgment and dismissed plaintiff's suit with prejudice. Plaintiff now appeals.
On appeal, the plaintiff argues that the trial court erred in granting defendants' motion for summary judgment. In order to prove a claim for legal malpractice, plaintiff must prove: (1) that there was an attorney-client relationship (2) that the attorney was negligent in his representation of the client, and (3) that this negligence caused plaintiff some loss. Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir. 1985).
Plaintiff's case is based on the allegation that defendant Thomas negligently allowed her claim against HANO to prescribe. It is undeniable that plaintiff's tort claim against HANO prescribed after one year. Furthermore, the defendants argue that plaintiff still has a viable contract claim against HANO which is governed by a ten year prescriptive period. That argument is based upon the fact that plaintiff and HANO entered into a lease agreement in 1985 which specifically provided that HANO was obligated to maintain the leased premises in a safe condition and to make all necessary repairs to the property with reasonable promptness. Defendants claim that a contract claim is as valuable as a tort claim because LSA-C.C. art. 1998 states that nonpecuniary damages are generally recoverable in contract claims.
Although we agree that it is possible for recovery in a contract claim to be as valuable *496 as in a tort claim, that result is not a certainty. Therefore, we find that it is premature to say that the viability of plaintiff's contract claim negates any loss suffered by plaintiff due to defendant Thomas' alleged negligence in handling plaintiff's case.
Furthermore, even though plaintiff had two theories of recovery available for her to pursue in her case against HANO, i.e. tort and contract, plaintiff had the right to elect the form of recovery that she wished to pursue. In State ex rel. Guste v. Chemical Applicators of Lafayette, Inc., 379 So.2d 1199 (La.App. 3rd. Cir.1980), that court stated:
"The law is clear that where a party has been damaged by conduct arising out of a contract he may have a right to seek damages both in tort and for breach of contract. In this event he has the option of pursuing either type of action."
Plaintiff has forever lost her tort claim against HANO and, therefore, no longer has the option to which she is entitled of choosing whether to seek damages in tort or in contract. The defendant cannot dictate to the plaintiff that she must pursue her claim in contract and thereby avoid this malpractice action for his alleged negligence in allowing plaintiff's tort claim to prescribe.
Therefore, we find that summary judgment is inappropriate in this case. For that reason, we reverse the trial court judgment granting defendants' motion for summary judgment and dismissing plaintiff's malpractice suit with prejudice and we remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.