640 So.2d 476 (1994)
Geraldine BORDELON, Plaintiff-Appellant,
v.
ST. FRANCES CABRINI HOSPITAL, Defendant-Appellee.
No. 93-1331.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
*477 Robert Lyle Salim, Natchitoches, for Geraldine Bordelon.
David Richard Sobel, Alexandria, for St. Frances Cabrini Hosp.
Before LABORDE, KNOLL and WOODARD, JJ.
WOODARD, Judge.
This is a tort suit filed by plaintiff to recover damages for mental anguish arising out of a hysterectomy performed on plaintiff at St. Frances Cabrini Hospital.

FACTS
The plaintiff, Geraldine Bordelon, had a hysterectomy performed at St. Frances Cabrini Hospital on February 3, 1991. Before the surgery, plaintiff had provided St. Frances Cabrini Hospital with her own blood in case it would be needed during surgery. During surgery, Mrs. Bordelon was erroneously given someone else's blood. When she learned of this later, she suffered severe emotional anguish about the possibility of contracting AIDS. She filed this suit against Dr. Sudha G. Pillarisetti, the pathologist, and St. Frances Cabrini Hospital, asserting a tort claim for mental anguish.
Defendant, St. Frances Cabrini Hospital, filed a peremptory exception of no cause of action under article 927(4) of the Louisiana *478 Code of Civil Procedure. The trial court dismissed Mrs. Bordelon's suit, ruling that she had failed to state a cause of action because she did not allege that she suffered any physical injury. Thereafter, she perfected this appeal.

PEREMPTORY EXCEPTION
The peremptory exception of no cause of action tests the sufficiency in law of plaintiff's petition to allow recovery by anyone against the defendant and is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact accepted as true. Young v. Central Louisiana Legal Services, Inc., 432 So.2d 1072 (La.App. 3d Cir.1983). The pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Kuebler v. Martin, 578 So.2d 113 (La.1991). When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984). The general rule is that where a petition states a cause of action as to any grounds or portion of a demand, the exception of no cause of action should be denied. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3d Cir.1990).

LAW
Mrs. Bordelon maintains that she is entitled to bring a cause of action for mental anguish, namely, fear, without an accompanying physical injury. The defendant urges the contrary. Since this issue would be dispositive of the case, we will address it first.
It is well established in jurisprudence that a claim for negligent infliction of emotional distress unaccompanied by physical injury is viable. Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990); Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990); Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Carroll v. State Farm Insurance Company, 427 So.2d 24 (La.App. 3d Cir.1983). Thus, the defendant's argument on this issue is without merit.
Any recovery for mental anguish tort damages must be based on La.Civil Code article 2315, which provides in pertinent part, that:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
The duty-risk analysis is used to assist our courts in determining whether one may recover under article 2315. Entrevia v. Hood, 427 So.2d 1146 (La.1983); Hill v. Lundin & Associates, Inc., 256 So.2d 620 (1972). The pertinent duty-risk questions are:
(1) Was the conduct in question a cause-in-fact of the resulting harm?
(2) Did the defendant owe a duty to the plaintiff?
(3) Was the duty breached?
(4) Were the risk and the harm caused within the scope of protection afforded by the duty breached?
Roberts v. Benoit, 605 So.2d 1032 (La.1991); Molbert v. Toepfer, 550 So.2d 183 (La.1989); Mart v. Hill, 505 So.2d 1120 (La.1987).
As to cause-in-fact, the premise of Mrs. Bordelon's claim is that the hospital was negligent in giving her the wrong blood and its negligence caused her mental anguish. A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974). Clearly, the hospital did not exercise the requisite amount of care toward Mrs. Bordelon when she had made special arrangements with the hospital to receive only her blood and the hospital did not take the appropriate measures to ensure this stipulation. If for no other reason, at the least, the hospital acquired a duty to ensure that she did receive her own blood when it accepted that as a condition of her hospitalization. It is undisputed that the hospital gave Mrs. Bordelon someone else's blood, which is patently a breach of its accepted duty not to.
This brings us to the final question which is the threshold question in this case: Were *479 the risk and resulting harm Mrs. Bordelon suffered within the scope of the hospital's duty. To evaluate this question, a critical inquiry is whether there is an "ease of association" of the harm to the wrongful act. Roberts, supra. In making this inquiry, the court must consider the foreseeability of the harm and policy. Id.
It is widely known that HIV can be transmitted through blood transfusions even with the standard procedure for screening for AIDS. Given the massive information campaign waged by federal, state and local officials over the last few years to educate the public about this dreadful disease, if someone requests and provides his or her own blood for surgery, presumably to safeguard against the transmission of AIDS, but later finds out he or she was given someone else's instead, it is foreseeable that the person could develop a genuine and reasonable fear of contracting AIDS. Thus, we find that Mrs. Bordelon's fear was indeed "easily associated" with receiving someone else's blood, and therefore, a foreseeable consequence of the defendant's negligent act. Accordingly, this risk and resulting harm were within the scope of protection afforded by the duty breached.
In Pitre v. Opelousas General Hospital, 530 So.2d 1151, 1157 (La.1988), the supreme court discussed policy considerations which further support the conclusion that a cause of action exists in the case sub judice:
The persons at whose disposal society has placed the potent implements of technology owe a heavy moral obligation to use them carefully and to avoid foreseeable harm to present or future generations. In the field of medicine, as in that of manufacturing, the need for compensation of innocent victims of defective products and negligently delivered services is a powerful factor influencing tort law. Typically in these areas also the defendants' capacity to bear and distribute the losses is far superior to that of consumers. Additionally these defendants are in a much better position than the victims to analyze the risks involved in the defendants' activities and to either take precautions to avoid them or to insure against them. Consequently, a much stronger and more effective incentive to prevent the occurrence of future harm will be created by placing the burden of foreseeable losses on the defendants than upon the disorganized, uninformed victims. (emphasis added)
It is common knowledge that AIDS is both incurable and fatal. Thus, extraordinary efforts to prevent its spread or the possibility of its spread is obviously a policy consideration dictated by Pitre, supra.
Therefore, under these particular facts, we find that plaintiff states a cause of action for emotional distress under La. Civil Code article 2315.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed, the exception of no cause of action is overruled, and the matter is remanded for further proceedings.
Costs of the appeal are taxed against the defendant. All other costs are to be assessed following trial on the merits.
REVERSED AND REMANDED.
KNOLL, J., I concur in the results. Liability is a disputed issue of material fact. It is well established that summary judgment cannot be used as a substitute for trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1181 (La.App. 3rd Cir.1990), writ denied, 573 So.2d 1120 (La.1991).