649 So.2d 1094 (1995)
Joyce BEIS
v.
W. Lloyd BOWERS, Esq., Wiedemann & Fransen, a Professional Law Corporation, and the XYZ Insurance Company.
No. 94-CA-0178.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
Writ Denied March 30, 1995.
*1095 Law Offices of Darleen M. Jacobs, Andre' P. Guichard, Darleen M. Jacobs, New Orleans, for plaintiffs/appellants.
Hailey, McNamara, Hall, Larmann & Papale, Richard A. Chopin, Brian T. Carr, Nelson W. Wagar, Metairie, for defendants/appellees.
Before SCHOTT, C.J., and BARRY, KLEES, PLOTKIN and LANDRIEU, JJ.
BARRY, Judge.
In this legal malpractice suit, Peggy and Robert Chehardy, Jr., who are substitute plaintiffs for their deceased mother, Joyce Beis, appeal a summary judgment.
Mrs. Beis sued Wiedemann & Fransen, PLC, its insurer, and Lloyd Bowers, the attorney who represented her in a medical malpractice claim. Mrs. Beis alleged that Dr. James Diamond committed medical malpractice on November 28, 1984. On December 3, 1987 a Medical Review panel unanimously issued an opinion which found no malpractice. Mrs. Beis claimed that Bowers and the law firm did not timely file her medical malpractice action within ninety (90) days after the panel's opinion and the firm failed to advise her of the opinion. The defendants admitted those allegations, but claimed that Mrs. Beis did not suffer compensable damages as a result of their legal malpractice.
The trial court noted the plaintiffs did not submit countervailing evidence to show damages and that defendants carried their burden of proof that Mrs. Beis did not suffer any damage.

THE LAW
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, interrogatory answers and admissions on file, together with affidavits (if any) show there is no genuine issue of material fact and movers are entitled to a judgment as a matter of law. La.C.C.P. art. 966; Melancon v. Hartford Insurance Company, 545 So.2d 557 (La.App. 4th Cir. 1989), writ not considered, 548 So.2d 1221 (La.1989). The mover's pleadings, affidavits, and documents are scrutinized closely while those of the opponent are indulgently treated. Any doubt is resolved against summary judgment and in favor of trial on the merits. Morgan v. Campbell, 561 So.2d 926 (La. App.2d Cir.1990).
To prove a claim for legal malpractice a plaintiff must prove: (1) there was an attorney-client relationship; (2) the attorney was negligent and (3) that negligence caused plaintiff some loss. Scott v. Thomas, 543 So.2d 494 (La.App. 4th Cir.1989); Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir. 1985). *1096 [O]nce the client has proved that his former attorney accepted employment and failed to assert the claim timely, then the client has established a prima facie case that the attorney's negligence caused him some loss, since it is unlikely the attorney would have agreed to handle a claim completely devoid of merit. In such a situation, a rule which requires the client to prove the amount of damages by trying the `case within a case' simply imposes too great a standard of certainty of proof. Rather, the more logical approach is to impose on the negligent attorney, at this point in the trial, the burden of going forward with evidence to overcome the client's prima facie case by proving that the client could not have succeeded on the original claim, and the causation and damage questions are then up to the jury to decide.
Jenkins v. St. Paul Fire & Marine Insurance Company, 422 So.2d 1109, 1110 (La. 1982). See also Finkelstein v. Collier, 636 So.2d 1053 (La.App. 5th Cir.1994); Drury v. Fawer, 527 So.2d 423 (La.App. 4th Cir.1988).
A plaintiff can recover for unintentional or negligent infliction of emotional distress unaccompanied by physical injury. Bordelon v. St. Frances Cabrini Hospital, 640 So.2d 476 (La.App. 3rd Cir.1994). See also F. Stone, 12 La. Civil Law Treatise: Tort Doctrine, §§ 155-56 (1977). Mental anguish damages may be awarded in a legal malpractice case which sounds in tort. Henderson v. Domingue, 626 So.2d 555 (La. App. 3rd Cir.1993), writ denied, 630 So.2d 799 (La.1994).

THE RECORD
The defendants' motion for summary judgment alleged that Mrs. Beis did not have a valid medical malpractice claim. Defendants candidly admit that Mrs. Beis' claim was never filed and she was not timely notified of the Medical Review panel's opinion. Hence, the first two criteria of Scott v. Thomas, 543 So.2d 494, are satisfied. The only issue is whether Mrs. Beis suffered a loss. Defendants attached as exhibits the Medical Review panel's opinion and affidavits of panel members Dr. William Perez, Dr. Ralph Nix and Dr. George Ellis, Sr., who concluded that Dr. Diamond met the applicable standard of care.
In their opposition plaintiffs pointed to Mr. Wiedemann's April 6, 1988 letter to Mrs. Beis which acknowledged that the cause of action against Dr. Diamond had prescribed prior to Mrs. Beis receipt of the review panel's opinion. Mr. Wiedemann said the firm would have recommended against filing suit if the claim had been properly handled, which we note is a self serving statement. Mr. Wiedemann suggested Mrs. Beis could pursue a legal claim against the law firm.
Plaintiffs attached Mrs. Beis' March 27, 1991 deposition in which she stated that during her interview with Mr. Wiedemann he told her that she "very definitely" had a medical malpractice claim against Dr. Diamond. She hired Mr. Wiedemann to represent her and later found out that Mr. Bowers was assigned to handle the matter. She said she left telephone messages for both attorneys but never heard back. Mrs. Beis claimed that weeks and months passed without any contact from her lawyers. Mrs. Beis testified as to what she told a secretary during one telephone call: "`Look, if Mr. Bowers doesn't want to talk to me, tell me.' And I said, `I'll do something else.'" At that point in the deposition Mrs. Beis became upset and had to stop. She explained that she had been very aggravated when the attorneys would not talk to her. Mrs. Beis said she called every morning and afternoon for a week, and about that time her husband died. When she returned from the funeral in Missouri "there was a registered letter from Mr. Wiedemann ... saying that something had expired." Mrs. Beis testified: "I thought everything was going along, but then they don't call you, and they don't want to talk to you." At another point in the deposition she stated: "I can't hardly talk about this without crying."

ANALYSIS
In this matter Mrs. Beis made two allegations. She properly alleged that her medical malpractice claim prescribed because Mr. Bowers and the law firm failed to timely file suit. Defendants admitted those allegations *1097 "as they relate to the failure to timely file." During oral argument Mrs. Beis' counsel conceded that she could not locate a medical expert to testify and Mrs. Beis had no viable claim for damages relating to medical malpractice. Therefore, we are not concerned with damages as to the medical malpractice suit.
However, Mrs. Beis also alleged, and defendants admit, that they did not timely notify her that the medical review panel had rendered its judgment. Mrs. Beis alleged that she suffered emotional stress and strain because of the defendants' legal malpractice. Mrs. Beis testified that Mr. Wiedemann told her she definitely had a case and she relied upon his advice. She clearly expressed mental anguish and frustration because the law firm ignored her calls and did not keep her informed. Mrs. Beis believed that her case was viable until she received the certified letter which informed her that any hope of recovery had prescribed.
Summary judgment was improper. There remain issues of material fact as to whether Mrs. Beis suffered emotional distress as a result of the defendants' admitted legal malpractice.
The summary judgment is reversed and the matter remanded for further proceedings.
REVERSED; REMANDED.
PLOTKIN, J., concurs with written reasons.
LANDRIEU, J., dissents in part and concurs in part.
PLOTKIN, Judge, concurring with written reasons.
I agree with the majority's conclusion that the trial court improperly granted the motion for summary judgment filed by the defendant attorneys; however, I disagree with the majority's analysis. Thus, I respectfully concur.
The majority is correct in finding that the trial judge improperly granted the motion for summary judgment because genuine issues of material fact concerning whether Ms. Beis suffered emotional distress as a result of the defendants' admitted legal malpractice exist. However, the majority is incorrect in concluding that "we are not concerned with damages as to the medical malpractice suit" because Mrs. Beis's attorney admitted during oral argument that "she could not locate a medical expert to testify and Mrs. Beis had no viable claim for damages relating to medical malpractice." Mrs. Beis's attorney did not admit that Mrs. Beis had no viable claim for damages relating to medical malpractice; the majority improperly concludes that no viable claim exists.
In the most recent pronouncement by the Louisiana Supreme Court on the standard for granting motions for summary judgment, the court once again stated that motions for summary judgment should be employed only "cautiously and sparingly." Smith v. Our Lady of the Lake Hospital, 639 So.2d 730, 751 (La.1994). In deciding whether a trial court properly granted a motion for summary judgment, an appellate court is to conduct a de novo review, asking the same questions the trial court is required to ask: "whether there is any genuine issue of material fact, and whether the mover ... is entitled to judgment as a matter of law." Id. at 750. Motions for summary judgment may properly be granted only "when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court." Id. at 752.
In this case, reasonable minds would not inevitably conclude that the defendant attorneys are entitled to judgment as a matter of law, even on the underlying medical malpractice claim. The fact that the plaintiff in the instant case has been unable at this stage of the proceedings to produce an expert witness to testify that the defendant in the underlying medical malpractice action was indeed negligent is not determinative of the "case within a case" question. The Louisiana Supreme Court has recently determined that the failure of a plaintiff to introduce expert testimony does not necessarily mean that the plaintiff cannot prevail in a medical malpractice case. Pfiffner v. Correa, Nos. 94-C-0924, 94-C-0963, and 94-C-0992 (La., October 17, 1994), 643 So.2d 1228. The court stated as follows:

*1098 We hold that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2795's requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testified as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof.
Id. slip op. at 9-10, 643 So.2d at 1234.
Thus, the trial judge's decision to grant the motion for summary judgment is specious since it is based on the conclusion that the plaintiff could not have won the "case within a case" because she could not find an expert witness to testify that the defendant in the underlying medical malpractice claim was negligent. Moreover, the majority improperly adopts that reasoning. Since expert testimony is not an absolute necessity for winning a medical malpractice case, the defendants in the legal malpractice case cannot carry the burden of proving that the plaintiff could not have won the underlying medical malpractice case simply by showing that the plaintiff could not produce an expert witness.
Relative to the issue of whether a plaintiff should be allowed to recover damages arising from admitted legal malpractice, I would agree with Justice Dennis's dissent in Jenkins v. St. Paul Fire & Marine Insurance Co., 422 So.2d 1109 (La.1982) that Louisiana's "civil code and justice require that a person whose legal rights have been permanently prejudiced by the wrongful acts of his attorney be afforded a more complete relief than that given by strict application of the "case within a case" doctrine. Id. at 1114. Noting at the end of his dissent that many jurisdictions have abandoned that doctrine in favor of more modern rules, Justice Dennis would "require that the party guilty of malpractice repair the wrong he has done to his client by paying him an amount equal to the value of the right destroyed." Id. at 1115. The injured client should be allowed to recover the loss of the value of his litigious rights, Justice Dennis asserts, even if he probably would not have been successful after a trial. Id. at 1114. Therefore, I believe that the majority improperly limits Mrs. Beis's recovery in the instant case by determining that she would be unable to prove the medical malpractice and that "we [therefore] are concerned with damages as to the medical malpractice suit."
Additionally, as the majority notes, the plaintiff in the instant case has added a new twist to the legal malpractice mix by alleging that she suffered independent damages as a result of the legal malpractice unrelated to the damages suffered by her loss of an opportunity to prove her medical malpractice case. One of the questions which must be decided before summary judgment can be granted in this case is whether the plaintiff in a legal malpractice suit can recover damages for negligent infliction of emotional distress resulting from the legal malpractice, even if that plaintiff is unable to prove other damages. This is a question of first impression before Louisiana courts as the previous jurisprudence on legal malpractice has focused solely on the "case within a case" question for determining whether a plaintiff may recover damages. Nevertheless, the majority simply indicates that the motion for summary judgment was improperly granted because of Ms. Beis's allegations of "emotional stress and strain," without analyzing whether Mrs. Beis might even be entitled to recovery of such damages under Louisiana law.
Although no published Louisiana case has ever considered whether the plaintiff in a legal malpractice case can recover damages for negligent infliction of emotional distress, it is generally well settled that a plaintiff may recover such damages even when those damages are not accompanied by any physical injury. See Bordelon v. St. Frances Cabrini Hospital, 640 So.2d 476 (La.App. 3d Cir. 1994), citing Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990); Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990); *1099 Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988).
Determination of whether a plaintiff should be allowed to recover for negligent infliction of emotional distress on the basis of given set of facts is controlled by the same duty-risk analysis applied to other causes of action in tort. Bordelon, 640 So.2d at 478. Thus, the following questions must be answered:
1. Was the conduct in question a cause-in-fact of the resulting harm?
2. Did the defendant owe a duty to the plaintiff?
3. Was the duty breached?
4. Were the risk and the harm caused within the scope of protection afforded by the duty breached?
Id.
In the instant case, the answer to each of the above questions is "yes." Certainly the defendants' failure to communicate properly with the plaintiff, as well as their failure to timely file the plaintiffs' medical malpractice lawsuit, was a cause-in-fact of the plaintiff's alleged emotional distress. Also beyond question are the fact that the defendant attorneys owed a duty to the plaintiff, who was their client, and the fact that the duty owed was breached by the alleged lack of communication and the failure to timely file the lawsuit. The defendant in the instant case has admitted the malpractice by admitting that they failed to timely file the plaintiff's lawsuit. Finally, the risk that the plaintiff would suffer emotional damages as a result of the failure to communicate and the failure to timely file the lawsuit were within the scope of the protection afforded by the duty owed by the defendant attorneys to the plaintiff client.
Consideration of all of the above legal principles in light of the facts of this case convince me that the majority is correct in deciding that the trial judge imprudently granted the motion for summary judgment. The defendant-movers in the instant case have not met their heavy burden of proving that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. Reasonable minds would not "inevitably conclude that the mover is entitled to judgment on the facts before the court." Smith, 639 So.2d at 752.
Accordingly, I concur with the majority's decision reversing the trial court judgment granting the motion for summary judgment. However, I disagree with the majority's decision to limit Mrs. Beis's recovery to emotional distress damages. The judgment should be reversed and remanded, and Mrs. Beis should be afforded an opportunity to prove her entire case, both damages suffered because of the medical malpractice and emotional distress damages suffered because of the legal malpractice.
LANDRIEU, Judge, dissenting in part and concurring in part.
The majority recognize that no damages were sustained as a result of the prescription of the medical malpractice claim but nonetheless leave that issue open. I would grant a partial summary judgment and eliminate that claim from future proceedings.
There remains, however, plaintiff's claim for "emotional stress and strain" taxed not on the actual loss of the medical malpractice claim but on Mrs. Beis's allegations that the defendants assured her she "very definitely" had a medical malpractice claim, that her attorneys would not return her phone calls nor advise her of the status of her claim, and that in her post-stroke condition she was advised that her medical malpractice claim had prescribed but that she had no claim to begin with and she had no choice but to retain another attorney to determine whether she had a medical or legal malpractice claim. Given the peculiar history of the matter, plaintiffs have a right to prove Mrs. Beis's damages were "real and substantial" and therefore summary judgment on this issue is inappropriate.