722 So.2d 1182 (1998)
E.P., Individually and as the Administrator of the Estate of His Minor Child, T.P. and C.P., Plaintiff-Appellant.
v.
The CITY OF LAFAYETTE, Defendant-Appellee.
No. 98-802.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*1183 J. Minos Simon, Carl T. Conrad, Anthony F. Whitford, Lafayette, Chris Villemarette, Alexandria, for E.P., Individually and as Administrator, et al.
Philip E. Roberts, Lafayette, for The City of Lafayette.
Rebecca Kittok Wisbar, Baton Rouge, for Evangeline Bank & Trust Co.
Before THIBODEAUX, DECUIR, and GREMILLION, Judges.
GREMILLION, Judge.
This is an appeal from the judgment of the trial court granting the City of Lafayette's *1184 motion for summary judgment. For the following reasons, we affirm.
This case arises from the rape of a nine year old child, T. P., on February 18, 1995, by George Alfred Wright, Jr., a paroled sex offender. The rape occurred in an empty lot bordering Chargois Park in Lafayette. This lot was owned by Evangeline Bank & Trust Company and was overgrown with dense vegetation and foliage. A suit was filed against Lafayette on August 5, 1995. Lafayette's liability is alleged in paragraph six of the original petition, which reads:
Wright thereafter succeeded in enticing T.P. into an overgrown, unkempt area, or thicket, in the park, which area of overgrowth was sufficient in coverage and depth to give Wright a sense of seclusion and cover for his plan and purpose of sexually abusing T.P., without which he would not have been able to pursue his plan of criminal sexual activity in broad daylight in an urban park. As such, the thicket defendant City of Lafayette permitted to exist in the park constituted a defect in the park, as the thicket had no utility whatsoever, while it presented an undeniable risk of harm to the children in the park, including T.P.
On February 16,1997, the plaintiffs amended their petition and added Evangeline Bank as a defendant. As a result, the alleged liability of Lafayette changed from that of owner of the alleged defective property to that as stated in paragraph eight of the amending petition:
The existence of the thicket immediately adjacent to Chargois Park was a failure to enforce City of Lafayette Ordinance Sections 13-27, plus a failure to rectify a situation which posed great harm for children entering and exiting Chargois Park for which City of Lafayette is at fault. This fault resulted in the creation of a natural cover for Wright to carry out his dastardly plan of sexual activity with T.P. in broad daylight.
Lafayette sought to be dismissed from the lawsuit by filing a motion for summary judgment, claiming that it did not violate the city ordinances or, in the alternative, if it did violate the ordinance, any duty owed by it to enforce the city ordinances was owed to the general public and under the Public Duty Doctrine, was not owed to the individual plaintiffs in this case.[1] The trial court granted the summary judgment, but did not do so for either of the reasons requested by Lafayette. Instead, the trial court determined that "it [is] unnecessary to consider governmental immunity in order to rule on this matter. Under the circumstances of this case the CITY'S exoneration under the broader scope of standard negligence principles eliminates the need to apply immunity law." The trial court further stated, "assuming the CITY had a duty to make landowners and/or occupants keep grass and noxious growths under twelve inches and refrain from creating a haven for rodents and other dangerous animals, the court nonetheless finds that the risk of rape was not within the scope of protection afforded by that duty." The plaintiffs appeal from this judgment.

SUMMARY JUDGMENT
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The legislature's 1997 amendment, effecting change in the summary judgment law, is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La. App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882. The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard *1185 as the trial court. Accordingly, we undertake a de novo review of the matter at bar.

ANALYSIS
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ.Code art. 2315. To determine whether a plaintiff may recover damages under this article, courts traditionally employ a dutyrisk analysis, which requires affirmative answers to the following questions:
1) Was the conduct in question a cause-in-fact of the resulting harm?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Were the risk and the harm caused within the scope of protection afforded by the duty breached?
Entrevia v. Hood, 427 So.2d 1146 (La.1983); Bordelon v. St. Frances Cabrini Hosp., 93-1331 (La.App. 3 Cir. 5/4/94); 640 So.2d 476; Roberts v. Benoit, 605 So.2d 1032 (La.1991).
The ordinance relied on by the plaintiffs as the basis for Lafayette's negligence reads as follows:
All clear property shall remain at a height not to exceed twelve inches.
No tenant or occupant in any leased, occupied or unoccupied place or area shall permit any noxious weeds, grass or deleterious, unhealthy or noxious growths over twelve inches in height, to grow, stand or accumulate on any lot, place or area leased or occupied by said person, or on any abutting sidewalk or neutral ground, nor shall such person allow said lot, place or area of any abutting sidewalk or neutral ground to become a haven for rodents or other dangerous animals.
Lafayette Ordinance Section 13-21.
The plaintiffs allege Lafayette's failure to enforce this ordinance allowed an overgrown and unkempt lot to exist in a residential area which presented an unreasonable risk of harm to them. They further allege that the presence of this overgrown lot adjacent to a public park made this particular risk foreseeable.
Both parties dispute whether the property was in compliance with the ordinance and whether the public duty doctrine is applicable to this case. However, we need not address these issues because we find that as a matter of law, the alleged failure of the city to enforce this ordinance was not within the scope of the protection afforded by the ordinance. In Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620, 622-23 (La.1972) (citations and footnotes omitted), the Louisiana Supreme Court provides direction for determining whether a particular risk falls within the scope of protection afforded by a particular duty:
Foreseeability is not always a reliable guide, and certainly it is not the only criterion for determining whether there is a duty-risk relationship. Just because a risk may foreseeably arise by reason of conduct, it is not necessarily within the scope of the duty owed because of that conduct. Neither are all risks excluded from the scope of duty simply because they are unforeseeable. The ease of association of the injury with the rule relied upon, however, is always a proper inquiry.
Where the rule of law upon which a plaintiff relies for imposing a duty is based upon a statute, the court attempts to interpret legislative intent as to the risk contemplated by the legal duty, which is often a resort to the court's own judgment of the scope of protection intended by the Legislature....' All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect some persons under Some circumstances against Some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape.'
*1186 The question presented in the case sub judice is whether the duty imposed by the ordinance was designed to afford protection to the class of claimants of which the plaintiff is a member from the hazard of a predatory pedophile. See Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962). Clearly, the ordinance seeks to prevent health risks which arise from noxious weeds, rodents, and other dangerous animals, not from intentional acts of human beings. There is no ease of association between Lafayette's alleged failure to enforce this ordinance and the rape of T. P.; the link between the two is nebulous. Therefore, we affirm the judgment of the trial court granting the motion for summary judgment in favor of the City of Lafayette.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The public duty doctrine holds that a governmental agency is freed from liability for an otherwise actionable offense if the offense is a breach of duty owed to the general public, but conversely is not freed from liability if the duty is owed a particular class of individuals.