916 So.2d 1130 (2005)
Linda JOSEPH and Levy Joseph
v.
James GRAY.
No. 2005-CA-0182.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 2005.
*1131 Miles G. Trapolin, Trapolin Law Firm, New Orleans, LA, for Plaintiff/Appellant.
Darren A. Patin, Michael P. Mentz, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
In this legal malpractice case, plaintiffs, Linda and Levy Joseph, appeal the trial court judgment granting summary judgment in favor of defendant, James Gray. We affirm.
On March 27, 2003, plaintiffs filed a petition for damages against Mr. Gray, a licensed and practicing attorney in New Orleans, and his legal malpractice insurer. In this petition, plaintiffs allege that they entered into a verbal contract with Mr. Gray in September 2001 in which Mr. Gray agreed to represent them in a medical malpractice case against West Jefferson General Hospital and East Jefferson General Hospital involving the failure to diagnose a cerebral stroke suffered by Mrs. Joseph. Plaintiffs allege that they provided Mr. Gray with Mrs. Joseph's medical records, and that he told them he would "take care of everything."
After becoming dissatisfied with Mr. Gray's alleged inaction in their case, plaintiffs went to Mr. Gray's office on March 11, 2003, at which time Mr. Gray allegedly gave them a letter denying that he had ever represented them or that he had ever done any work on their case.[1] Plaintiffs claim that they believed that Mr. Gray was representing them, and that they had no reason to believe that Mr. Gray had not timely filed their medical malpractice lawsuit until his letter of March 11, 2003, which was allegedly given to them after the medical malpractice case had prescribed. They allege that Mr. Gray breached his duty to them and that this breach has damaged them. More specifically, they allege that they have suffered damages as a result of Mr. Gray's failure to file their medical malpractice claim before it prescribed, and that they have suffered mental and emotional distress over the loss of this claim.
On June 22, 2004, Mr. Gray filed a motion for summary judgment. In support of his motion, Mr. Gray filed a memorandum; an affidavit from Mr. Gray, stating that he never entered into a verbal or written contract to represent Mr. and Mrs. Joseph or to file a medical malpractice claim on their behalf; Mrs. Joseph's medical records; a letter to Mr. Gray's attorney from Dr. Mark E. Haile, an emergency room physician, stating that he reviewed Mrs. Joseph's medical records and concluded that there was no deviation from the standard of care she received at West Jefferson General Hospital and East Jefferson General Hospital; and a statement of undisputed facts. In opposition to Mr. Gray's motion, plaintiffs filed a memorandum and the deposition testimony of Mr. and Mrs. Joseph.
On September 10, 2004, the trial court rendered judgment granting the motion for summary judgment filed by Mr. Gray. In the judgment, the court stated that it found no genuine issue of material fact regarding whether the plaintiffs suffered *1132 an injury as a result of the alleged legal malpractice.
The trial court also issued written reasons for judgment. In those reasons, the court stated the plaintiffs presented no evidence that the underlying medical malpractice claim had any merit. Because Mr. Gray presented unopposed evidence, specifically Dr. Haile's report, that there was no deviation from the standard of care, the court found that there is no genuine issue of material fact regarding any physical injury to the plaintiffs. The court noted that plaintiffs' counsel argued that while the underlying claim may not have merit, plaintiffs could still recover for the mental anguish the alleged legal malpractice caused them. However, the court noted that plaintiff offered no factual support for these allegations. Plaintiffs claimed that factual support for their claim of mental anguish is contained in their depositions. The court stated that it reviewed the depositions and could not locate any factual support for a claim of mental anguish. Therefore, the court held that there is no genuine issue of material fact as to the damages element of plaintiffs' claim for legal malpractice.
Plaintiffs now appeal the trial court judgment of September 10, 2004. On appeal, the plaintiffs argue that the trial court erred in granting Mr. Gray's motion for summary judgment. They argue that there is a genuine issue of material fact as to whether there was a contract between plaintiffs and Mr. Gray, and as to whether they were injured by his alleged legal malpractice, which is a separate injury from the underlying medical malpractice case.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, XXXX-XXXX (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Alexis v. Southwood Ltd. Partnership, XXXX-XXXX (La.App. 4 Cir. 7/18/01), 792 So.2d 100, 102. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. Costello v. Hardy, XXXX-XXXX. p. 9 (La.1/21/04), 864 So.2d 129, 138. (Emphasis ours.) In the judgment being reviewed in this appeal, the trial court granted summary judgment in Mr. Gray's favor after finding that no genuine issue of material fact regarding the third element necessary for proving a claim for legal malpractice, i.e. that plaintiffs suffered an injury as a result of the alleged legal malpractice.
*1133 In support of his motion for summary judgment, Mr. Gray offered evidence that an attorney-client relationship never existed between him and plaintiffs and accordingly, without such a relationship, there could be no negligent representation or loss as a result thereof. Through their depositions, plaintiffs presented evidence that Mr. Gray told them that he would represent them in their medical malpractice action, and advised them to send Mrs. Joseph's medical records to him. This evidence was enough to establish an issue of material fact on the existence of an attorney-client relationship.
On the second element required to prove a legal malpractice claim, i.e. negligent representation, plaintiffs admittedly did not counter Mr. Gray's evidence showing that plaintiffs did not have a meritorious medical malpractice claim. But more importantly for this legal malpractice claim, plaintiffs offered no factual support for their claim that Mr. Gray was negligent in his alleged representation of them. Therefore, there is no genuine issue of material fact on the issue of negligent representation, and the trial court could have granted summary judgment in favor of Mr. Gray for this reason.
However, the trial court based its summary judgment in Mr. Gray's favor on the absence of a genuine issue of fact regarding the third element necessary to prove of claim of legal malpractice, i.e. loss caused by the attorney's negligence. Plaintiffs argue on appeal that there still exists an issue of material fact on their claim that they suffered mental anguish as a result of Mr. Gray's alleged legal malpractice.
Plaintiffs contend that their position is supported by the case of Beis v. Bowers, 94-0178 (La.App. 4 Cir. 1/19/95), 649 So.2d 1094. In Beis, a plaintiff filed a legal malpractice claim against the attorney and law firm that she hired to represent her in a medical malpractice action. The medical review panel issued an opinion, which found no malpractice, and the defendants failed to timely file the medical malpractice claim in court within ninety days after the panel's opinion and failed to advise plaintiff of the medical review panel's decision. The defendants admitted those allegations, but claimed that plaintiff did not suffer compensable damages as a result of their legal malpractice. The trial court granted summary judgment in favor of defendants, noting that plaintiffs did not submit countervailing evidence to show damages and thus defendants carried their burden of proving that plaintiff did not suffer any damage. This Court reversed the grant of summary judgment, holding that although damages as to the underlying medical malpractice action could not be established, a fact issue existed as to whether plaintiff suffered emotional distress as a result of defendants' admitted legal malpractice. Beis v. Bowers, 94-0178 (La.App. 4 Cir. 1/19/95), 649 So.2d 1094.
The Beis case is distinguishable from the instant case. An important distinction is that this Court decided the Beis case prior to the 1996 amendments to La. C.C.P. article 966(C). Prior to that amendment, summary judgments were not favored and were strictly construed. According to the 1996 amendment, summary judgments are now favored, and the rules are to be liberally applied.
In Beis, the existence of an attorney-client relationship was not disputed, and the attorney and law firm admitted that they did not timely file a medical malpractice claim on behalf of plaintiff or advise her of the medical review panel's decision. On the issue of negligent representation, plaintiff offered a letter sent to her by the attorney after her medical malpractice claim had prescribed in which he stated to her that "the firm would have recommended against filing suit if the claim had *1134 been properly handled," and then suggested to her that she could pursue a legal claim against the law firm. Beis v. Bowers, 94-0178, p. 4 (La.App. 4 Cir. 1/19/95), 649 So.2d 1094, 1096. (Emphasis ours.) Therefore, because issues of material fact remained as to the elements of attorney-client relationship and negligent representation, the only issue remaining was whether plaintiff suffered a loss as a result of that negligence. This Court found that summary judgment was inappropriate because the plaintiff's deposition established an issue of fact as to whether she suffered emotional distress as a result of defendants' legal malpractice.
In the instant matter, Mr. Gray offered evidence that plaintiffs did not have a meritorious medical malpractice claim in support of his position that there is no genuine issue of fact as to the element of negligent representation. Mr. Gray stead-fastly maintained that he did not represent plaintiffs, and therefore, did nothing to negligently represent them. Although plaintiffs offered deposition testimony that created an issue of fact as to whether Mr. Gray represented them, they did not produce sufficient factual support for their claim that he negligently represented them. Therefore, unlike Beis, there is no genuine issue of fact on the issue of negligent representation in this case.
Plaintiff argues that Mr. Gray's motion for summary judgment and the supporting documents did not address the issue of whether the plaintiffs suffered injuries as a result of the alleged malpractice. We are not persuaded by plaintiffs' argument. Mr. Gray's evidence establishing no negligent representation on his part necessarily includes the position that there can be no loss as a result thereof.
After reviewing the record and applying the rules regarding summary judgment set forth in La. C.C.P. article 966, we conclude that the trial court correctly granted summary judgment in favor of Mr. Gray. There are no genuine issues of material fact on the elements of negligent representation and loss caused by negligence required for a legal malpractice claim.[2]
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] This letter is not contained in the record.
[2] Our reasons for affirming the trial court judgment differ from those assigned by the trial court. However, reasons for judgment are not controlling, and form no part of trial court judgments from which appeals are taken. Homes v. Long, XXXX-XXXX, p. 3 (La.App. 4 Cir. 12/18/02), 835 So.2d 877, 878-879.