713 So.2d 528 (1998)
Patty Gene COUTURE
v.
Vivian GUILLORY, esq., et al.
No. 97-CA-2796.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1998.
*529 Darleen M. Jacobs, Al Sarrat, New Orleans, for Plaintiff-Appellant Patty Gene Couture.
John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Defendants-Appellee Vivian Guillory.
Jamie M. Bankston, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, Metairie, for Defendant-Appellee Clark Roy.
Before KLEES, LOBRANO and CIACCIO, JJ.
KLEES, Judge.
In this action for legal malpractice, the trial court granted defendants' motions for partial summary judgment. Plaintiff appeals. We affirm.

Facts
Plaintiff, Patty Gene Couture, was employed for approximately 17 years as a bus driver by the St. Bernard Parish School Board (School Board). Plaintiff was dismissed from his employment in 1987 for fraudulent submission of requests for compensation. Following his dismissal, plaintiff retained attorneys Vivian Guillory and Clark Roy to represent him in seeking judicial review of his dismissal by the School Board. A petition for judicial review was subsequently filed on plaintiff's behalf in the district court in St. Bernard Parish. On the date the matter was originally set for trial, December 12, 1990, the parties reached a partial compromise and settlement, whereby plaintiff agreed to dismiss several of his claims against the School Board in exchange for compensation in the amount of $27,500.00. In this agreement, plaintiff reserved his right to seek reinstatement to his former position and to obtain judicial reversal of the finding of grounds for discharge at a hearing scheduled for February 7 and 8, 1991.
Following a hearing in this matter, the trial court rendered judgment reversing the action of the School Board and reinstating plaintiff to his former position. The School Board appealed from this judgment. In an unpublished opinion, this Court reversed the judgment of the trial court and reinstated the disciplinary action taken by the School Board dismissing plaintiff from his employment. Patty Couture v. St. Bernard Parish School Board, 91-CA-1236, March 17, 1992. No writ from this decision was taken to the Supreme Court, and that decision is now final.
Plaintiff subsequently retained new counsel and on July 29, 1992, filed the instant suit for damages against Vivian Guillory and Clark Roy for defendants' alleged negligence in failing to seek writs from the decision of this Court rendered on March 17, 1992. Plaintiff itemized his damages in the petition as follows: past, present, and future loss of *530 wages; past, present and future loss of benefits; and emotional stress and strain. In plaintiff's pre-trial order filed in these proceedings on June 17, 1996, plaintiff further claimed he sustained a loss of income, loss of job, loss of society, mental anguish, emotional stress and strain, and anxiety, as well as loss of reputation in the community.
In response to this petition, defendants, Vivian Guillory and Clark Roy, each filed a motion for partial summary judgment, arguing that as a matter of law, plaintiff was not entitled to recover from them damages for claims which he discharged by compromise agreement executed in the underlying suit. Defendants argued that because of the compromise agreement in which plaintiff dismissed his claim for loss of wages, loss of benefits, mental anguish and other general damages allegedly sustained as a result of his discharge, those damages would not have been available to him even if plaintiff was successful in a writ to the Supreme Court.
In opposition to the summary judgment, plaintiff attacked the validity of the compromise agreement, and argued that the document was not executed prior to the trial on his reinstatement and that he did not intend to relinquish his rights which may have accrued after the date of the trial.
By judgment dated November 5, 1997, the trial court granted defendants' motions for partial summary judgment, holding that plaintiff is limited in his possible recovery in this malpractice suit to only those claims which were not released in the settlement agreement with the School Board, specifically, the right to seek reinstatement of his position as a bus driver. It is from this judgment that plaintiff now appeals.

Discussion
A partial summary judgment is authorized by La.Code of Civ. Proc. art. 966(E), which provides as follows:
A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
Summary judgments are now favored, and the rules regarding such judgments should be liberally applied. Oakley v. Thebault, 96-0937, (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. Appellate courts review summary judgments de novo. A motion for summary judgment which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. art. 966 C(1). Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730, 751. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
To prove a claim for legal malpractice, a plaintiff must prove,: (1) there was an attorney-client relationship; (2) the attorney was negligent; and (3) that negligence caused plaintiff some loss. Scott v. Thomas, 543 So.2d 494 (La.App. 4th Cir.1989).
Pretermitting a discussion of the first two elements, we find that defendants have established under La.Code Civ. Proc. art. 966 C that partial summary judgment is proper on the third element of a legal malpractice claim: proof of loss. Although the defendants did not move for summary judgment on all of plaintiff's claims for damages, we agree with the trial court's finding that the only claims for damages which may be asserted by plaintiff against his former attorneys are those claims which were not discharged by plaintiff prior to trial against the School Board.
In support of the motions for summary judgment, defendants submitted the "Restricted Release and Reservation of Rights" which was executed by plaintiff and the School Board in the underlying suit for judicial review of plaintiff's dismissal. This document stated that on December 12, 1990, the matter of Patty Couture v. St. Bernard Parish School Board was set for trial, and on that day the parties reached an agreement of partial compromise and settlement of plaintiff's claims, and a hearing on the matters remaining in issue and reserved by the parties *531 was continued to February 7 and 8, 1991. The terms of the compromise were read into the record of the proceedings on December 12, 1990, and the agreement was subsequently reduced to writing and signed by plaintiff on January 12, 1991 and by a representative of the School Board on February 6, 1991. The pertinent terms of the agreement are as follows:
... Patty Couture, Plaintiff, also releases, remits and forever discharges the St. Bernard Parish School Board, ... of and from any and all claims, demands, suits, actions, rights of action, causes of action and liability whatsoever, arising out of or in any way connected with Plaintiff's aforementioned dishcarge [discharge] as a tenured school bus driver employee as a result of the hearing before said Defendant on June 18, 1987, but only as to his claims and damages (1) for loss of salary from the date of his discharge through the dates of the continued hearing on February 7 and 8, 1991(2) for loss of prospective income from washing of buses and other activities, likewise from the date of his discharge through the said dates of February 7 and 8, 1991, (3) for loss of the benefit of retirement contributions to his retirement account, for such contributions as were otherwise creditable from the date of his said discharge, through and including the dates of the continued hearing of February 7 and 8, 1991, (4) for all claims for loss of sick leave for the period of time since his discharge through and including the continued hearing dates of February 7 and 8, 1991, (5) for medical expenses, past and future, (6) for mental anguish and emotional distress over his discharge, past and future, (7) for attorney's fees, and (8) for court costs incurred to date, as well as (9) for any and all other losses, damages and expenses which said Plaintiff has claimed or could have claimed in the aforementioned suit, which are of the nature that they have accrued or will have accrued as of February 7 and 8, 1991, but reserving unto Plaintiff the right of Plaintiff to pursue in said suit No. 57-304 his claim for reinstatement to employment and to obtain judicial reversal of the finding of grounds for discharge at the aforemention hearing by Defendant held on June 18, 1987, at the hearing in Suit No. 57-304 which has now been reset for February 7 and 8, 1991, ...
In opposition, plaintiff attacked the validity of the compromise agreement, and argued that plaintiff did not intend to discharge any of his rights which may have accrued after February 7 and 8, 1991, and that his attorneys' participation in this document is further evidence of their malpractice in the underlying suit. Further, plaintiff contended that the compromise was signed after the trial on February 7, 1991, and that the dates on the document indicating the agreement was signed prior to the trial are incorrect. In support of this argument, plaintiff relies on an affidavit submitted in opposition to the motion for summary judgment in which he states that he cannot read or write and did not intend to compromise any of his claims for damages that would arise after the trial date of February 7 and 8, 1991. He further stated that the agreement to compromise his claims was not signed prior to the trial date of February 7, 1991, but was executed after the trial court had ordered his reinstatement. Plaintiff also submitted the affidavit of his girlfriend, Mary Ellen Nunez, who stated that plaintiff could not read or write, that the compromise documents were not signed by them prior to February 7, 1991, and that plaintiff did not intend to discharge any rights from February 7, 1991 forward.
La. Civil Code art. 3071 defines a compromise or transaction as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner in which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." That article further provides that this contract must either be reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding. La. Civil Code art. 3078 provides that transactions between the interested parties have a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion.
Interpretation of a contract is the determination of the common intent of the parties. *532 La. Civil Code art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civil Code art.2046.
The compromise agreement executed in the present case states that the understandings between the parties were read in the record in open court on December 12, 1990, when the matter was first set for trial. As a result of the compromise, the matter was reset for trial on February 7 and 8, 1991, and a written document was subsequently executed by the parties. The document indicates that Patty Couture signed the instrument on January 12, 1991 and the representative of the School Board signed on February 6, 1991. The record further indicates that this compromise was introduced into evidence at the February 7, 1991 trial of the remaining issues in this case, i.e., plaintiff's claim for reinstatement to his former position.
Although plaintiff attempts to raise a factual issue as to the validity of the compromise agreement, we find no merit in these claims. Plaintiff first claims that the document was not signed prior to the February 7, 1991 trial date as clearly indicated on the document. However, the document clearly states that the agreement was reached on December 12, 1990 and was read into the record of the proceedings on that date. Further, the record before us indicates that the signed release was introduced into evidence at the hearing on February 7, 1991, and we find no merit in plaintiff's claims that the date of the execution of this agreement is erroneous. Further, plaintiff's claims that he is illiterate do not raise a genuine issue as to its legality. Illiteracy does not constitute a bar to an individual's ability to compromise a suit. The clear terms of the compromise agreement provide that in exchange for the sum of $27,500.00, plaintiff agreed to discharge all claims which he had against the School Board as a result of his discharge, except his right to seek reinstatement and judicial reversal of the School Board's actions against him. There is no evidence of fraud or a showing that plaintiff did not comprehend the terms of the agreement, and we find no genuine issue of fact as to the validity of this agreement based on plaintiff's illiteracy.
In addition, plaintiff contends that he did not intend to discharge his rights which accrued after February 7, 1991 as is indicated by the language of the agreement. However, although the terms of the agreement refer to the trial date of February 7, 1991, once plaintiff's claims against the School Board were adjudicated by compromise or by judgment, plaintiff had no further right to assert any claims against the School Board as a result of his discharge. Plaintiff can have no greater rights against his attorneys for the negligent handling of a claim than were available to him in the underlying claim against the School Board. For these reasons, we fail to find that plaintiff's attacks on the validity of the compromise agreement present an issue of material fact as to whether plaintiff may assert these claims for damages against his former attorneys.
By the express terms of the "Restricted Release and Reservation of Rights" executed by plaintiff prior to the trial against the School Board, plaintiff discharged all of his claims for damages against the School Board, except his claim for reinstatement and his claim to seek judicial reversal of his dismissal. The words of the agreement are clear and unambiguous and this agreement has a force equal to the authority of things adjudged. La. Civil Code art. 3078. To the extent that plaintiff asserts claims for damages against his former attorneys in this malpractice action which were clearly discharged in the underlying suit against the School Board, we find that defendants are entitled to judgment as a matter of law dismissing these claims. The only matter which was subject to further judicial review after February 7, 1991 was plaintiff's claim for reinstatement to his former position. Assuming plaintiff is able to prove defendants' negligence at the trial of this matter, he is limited to recovering damages for those claims which he did not discharge in the compromise agreement with the School Board. That is the only relief which would have been available to him had he been successful in a writ application to the Supreme Court.
*533 Finally, although plaintiff contends that the trial court erred in dismissing his claim to seek compensatory damages as a result of defendants' alleged negligence, we fail to find any merit in this argument. Obviously, if plaintiff is successful in the instant suit, his remedy will not be reinstatement to his School Board position. However, there is nothing in the judgment of the trial court which precludes plaintiff from seeking compensatory damages sustained as a result of the loss of his right to seek reinstatement. In fact, defendants concede in their brief in this Court that an issue for trial will be the valuation of the plaintiff's right to seek reinstatement, assuming he proves that defendants were negligent in failing to pursue his claim.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court granting a partial summary judgment in favor of defendants, Vivian Guillory and Clark Roy, is affirmed.
AFFIRMED.