| BYRNES, Judge.
We grant the writ application of the relator-plaintiff, Chrysler Financial Corporation, to review the denial of its motion for summary judgment.
The defendant-respondent, Goimer Zupanovic, entered into a retail installment agreement with Gene Ducote Mazda, Inc., signed on October 18, 1991, for the purchase of a 1991 Mazda 626. This contract was assigned to the relator. After failing to make the required monthly payments on this contract, plaintiff surrendered the vehicle which was then sold at a private sale pursuant to LSA-R.S. 10:9-604. The private sale did not generate sufficient funds to satisfy Chrysler’s claim. Chrysler instituted these proceedings to collect the deficiency. The trial court denied Chrysler’s motion for summary judgment because the Surrender/Abandonment and Notice of Sale “offered by plaintiff [Chrysler] does not meet the requirements of R.S. 13:4108.2.” We disagree. Ford Motor Credit Co. v. Melancon, 95-1221 (La.App. 3 Cir. 6/19/96); 677 So.2d 145 provides that LSA-R.S. 13:4108.2 does not apply to “secured transactions for consumer | ^purposes that are subject to Chapter 9 of the Louisiana Commercial Laws.” The car purchase agreement in the instant case is a secured transaction for consumer purposes not subject to LSA-R.S. 13:4108.2. Accordingly, Chrysler is entitled to pursue the deficiency by sending notice or otherwise notifying the debtor of its intention to accept the surrender of the automobile with full reservation of rights to the deficiency within twenty days of taking possession.
Relator produced proof that it sent notice on a timely basis of its intention to reserve its right to a deficiency judgment. LSA-R.S. 10:9-505(3). Respondents’ opposition states that they do “not recall receiving anything further from Chrysler until he was served with a petition over four years later.” This statement is found in neither of respondents’ affidavits. Respondents have offered no proof that relator did not send notice. A careful reading of respondents’ opposition shows that they do not even contend that notice was not sent. Accordingly, we must accept the prima facie case of notice made by relator.
Additionally, the respondent argues the existence of an oral agreement to waive any deficiency modifying the original written. Section I of the written agreement executed by the respondents provides that modifications must .be in writing. Pursuant to that provision the respondents “expressly waive[d] the right to rely” on any oral modifications of the agreement. Accordingly, the oral modifications alleged by the respondents, even if accepted as true for purposes of argument, are not legally binding on the relator.
Summary judgments are favored. Relator established every essential element of its case, in response to which respondents offered affidavits alleging an | ¡¡oral modification that has no legal effect if true. Respondents failed to carry the burden of proof which had shifted to them.
Therefore, we reverse the judgment of the trial court, and render summary judgment in favor of the relator in the sum of $3,757.56, together with 16.50% interest *62 from August 27, 1996, plus 25.00% attorney fees on the aggregate of principal and interest.

WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.

JONES, J., DISSENTS FOR THE REASONS ASSIGNED BY JUDGE McKAY.
McKAY, J., DISSENTS.