h KIRBY, Judge.
Relator, Chrysler Financial Corporation, seeks this Court’s supervisory review of the trial court’s denial of its motion for summary judgment.
Defendants/Respondents Emma Thompson and Egbert L. Borne entered into a retail installment contract with Benson Jeep-Eagle for the purchase of a 1994 Jeep Cherokee. The contract was signed by respondents on July 16, 1994 and assigned to the relator. After respondents failed to meet their monthly installment payments, they voluntarily surrendered the vehicle to relator. The Jeep vehicle was subsequently sold at a private sale. Because the funds generated from the private sale were not sufficient to satisfy relator’s claim, relator instituted proceedings against respondents to collect the deficiency balance as outlined in the installment contract.
*803 The respondents filed a general denial to relator’s petition and raised the affirmative defenses of a dation en paiement and misrepresentation and/or deception. Respondents allege that relator’s agent came to their home and orally misrepresented to them that their surrender of the vehicle would extinguish their obligation.
| glncluded in the exhibits filed in support of relator’s motion for summary judgment is the retail installment contract signed by respondents. Section J of that contract states:
No modification of any of the terms and conditions of this contract shall be valid, and you expressly waive the right to rely on any modification, unless made in writing and duly executed by the Creditor.
Therefore, the oral modification alleged by respondents, even if accepted as true for purposes of argument, is not legally binding on relator. See Chrysler Financial Corporation v. Zupanovic, 98-2142 (La.App. 4 Cir. 3/17/99), 735 So.2d 60.
Summary judgments are now favored. Chrysler Financial Corporation v. Zupanovic, supra. A motion for summary judgment that shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(1); Couture v. Guillory, 97-2796 (La.App. 4 Cir. 4/15/98), 713 So.2d 528, writ denied, 98-1323 (La.6/26/98), 719 So.2d 1287, citing Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. In documents filed in support of its motion for summary judgment, relator established its claim for recovery of the deficiency balance on the installment contract. In their opposition to relator’s motion for summary judgment, respondents only allege an oral modification to the written installment contract, which is specifically prohibited under the terms of the contract. Therefore, because no questions of material fact have been raised, relator is entitled to summary judgment in this matter.
For these reasons, we reverse the judgment of the trial court and render summary judgment in favor of the relator and against respondents in the sum of |a$5,186.22, together with 17.93% interest from August 27,1996 until paid, 25% attorney’s fees on all principal and interest due and all costs of these proceedings.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.