CHARLES R. JONES, Judge.
11 Cynthia Prince, wife ofiand Gregory Prince (hereinafter collectively referred to as the “Princes”), seek review of a district court judgment granting the motion for summary judgment of Frank Buck and dismissing the Princes’ case. We affirm.
On December 12, 1997, Mr. Prince retained attorney Robert Manard to handle a workers’ compensation claim against his employer. Mr. Manard and Mr. Buck, who was an associate attorney at Mr. Ma-nard’s law firm, filed suit on Mr. Prince’s behalf on March 31, 1998, in the 16th Judicial District Court for the Parish of St. Mary.
As a result of an alleged rift between Mr. Manard and Mr. Buck, Mr. Buck withdrew as counsel of record on March 7, 2002. He also filed a petition for intervention in Mr. Prince’s case. Thereafter, Mr. Prince filed a motion for sanctions against Mr. Buck asserting that he abandoned Mr. Prince’s case, that his withdrawal would cause a hardship upon him, and harm his case at trial. Mr. | ¡¡Prince also filed a motion to continue the trial that was scheduled for September 23, 2002.
Mr. Prince then retained attorneys David Groner and Frank Barber to serve as additional counsel with Mr. Manard. These three attorneys settled his case for $150,000.00 during an in-court pre-trial settlement proceeding. Pursuant to the terms of the settlement, Mr. Prince released all of the underlying defendants, dismissed his lawsuit, and his motion to continue was rendered moot. Mr. Prince recited his understanding of the terms of the settlement on the record. A reservation of rights in favor of Mr. Prince was not included in the settlement.
In the same proceeding, Mr. Manard brought to the district court’s attention that there were two matters that were unresolved: 1.) Mr. Buck’s intervention, and 2.) Mr. Prince’s motion for sanctions. These issues were subsequently settled pursuant to a stipulated judgment that was entered into on February 7, 2003.
On or about July 30, 2003, the Princes’ subsequently sued Mr. Manard, Mr. Buck, Mr. Groner, Mr. Barber, Continental Casualty Company and Clarendon National Insurance Company for legal malpractice in the Parish of Orleans. Mr. Groner and Mr. Barber were later dismissed from this case via summary judgment. Thereafter, Mr. Buck and his personal liability insurer, Continental Casualty Company (hereinafter referred to as “CNA”), filed motions for summary judgment seeking dismissal from the instant case. The district court granted the motions on March 18, 2005. The Princes’ filed a motion for new trial and exceptions of prematurity, no cause of action, prescription and preemption. However, the ^district court denied the motion and exceptions. The Princes’ filed the instant appeal.
The Princes allege that the district court erred in granting Mr. Buck’s and CNA’s motions for summary judgment. Specifically, the Princes contend that the district *643 court erred in finding that there was no indication of negligence and/or wrongdoing by Mr. Buck because these issues by agreement were not before the district court. They further contend that the district court erred in finding that Mr. Buck and CNA are immune from claims for legal malpractice involving his representation of Mr. Prince because Mr. Prince settled his claims following Mr. Buck’s withdrawal as counsel.
The standard of review of a summary judgment is de novo. Suskind v. Shervin-Gulf Tranon, 03-0037, p. 1 (La.App. 4 Cir. 4/16/03), 846 So.2d 93, 96. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The reviewing court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
Louisiana Code of Civil Procedure article 966(C)(2) provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof |4at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claims, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
To prove a claim for legal malpractice, a plaintiff must prove: (1) there was an attorney-client relationship; (2) the attorney was negligent, and (3) that negligence caused plaintiff some loss. Couture v. Guillory, 97-2796, p. 3 (La.App. 4 Cir. 4/15/98), 713 So.2d 528, 530 (quoting Scott v. Thomas, 543 So.2d 494 (La.App. 4 Cir. 1989)). However, if a plaintiff is able to prove the first two elements of the legal malpractice test, the burden then shifts to the defendant attorney to establish that the client could not have succeeded on the original claim. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 1110 (La. 1982).
As we further explained in Broadscape.com, Inc. v. Walker, 03-904, p. 7 (La.App. 4 Cir. 2/25/2004), 866 So.2d 1085, 1089:
Jenkins does not dispose of the plaintiffs burden in providing all three prongs required in a legal malpractice suit. The court reasoned:
when the plaintiff proves that negligence on the part of his former attorney has caused the loss of the opportunity to assert a claim and thus established the inference of causation of damages resulting from the loss [sic] opportunity for recovery, an appellate court must determine whether the negligent attorney met his burden of producing sufficient proof to overcome plaintiffs and cause the loss of the opportunity to assert a claim and thus establishes the inference of causation of damages resulting from the loss opportunity for recovery, an appellate court must determine whether the negligent attorney met his burden of producing sufficient proof to overcome plaintiffs prima facie case.
*644 |RIn their first assignment of error, the Princes assert that the district court erred in finding that there was no indication of negligence and/or wrongdoing by Mr. Buck because those issues were not before the trial court.
Mr. Buck challenged all three (3) elements of the legal malpractice standard in his motion for summary judgment. Yet, at the hearing on the motion for summary judgment, the district court limited its review to the third element of the legal malpractice test per the agreement of the parties.
It was absurd for Mr. Buck to agree to limit his motion for summary judgment to the issue of damages when he was not conceding that the Princes’ could succeed in carrying their burden of proof on the first two factors. Additionally, the district court should not have not have addressed the issue of damages without first making a determination as to whether an attorney/client relationship existed between the parties and whether Mr. Buck was indeed negligent. Failing to discuss these elements hindered the district court’s ability to fully understand and discuss the Princes’ alleged damages against their attorney. We note that the record reflects that the district court struggled in making a determination as to damages ' without considering the other prongs of the legal malpractice standard.
Nevertheless, based on a review of the record, we find that the district court did not err in holding that there was no proof of negligence and/or wrongdoing by Mr. Buck. This assignment of error is without merit.
In their second assignment of error, the Princes' assert that the district court erred in finding that Mr. Buck and CNA are immune from legal malpractice claims because Mr. Prince settled his claims following Mr. Buck’s withdrawal as counsel. Mr. Buck, however, contends that the Princes cannot prove damages because a prejbdal6 settlement was entered into by Mr. Prince under oath and in open court. We agree.
In Couture v. Guillory, 97-2796 (La. App. 4 Cir. 4/15/98), 713 So.2d 528, this Court previously addressed the issue of whether a client can recover damages against his/her attorney for legal malpractice where said client has settled his/her underlying claims. We summarized the facts of Couture in Spellman v. Bizal, 99-0723, (La.App. 4 Cir. 3/1/00), 755 So.2d 1013:
In Couture, the plaintiff, Patty Couture (Couture), had an underlying suit against his employer, the St. Bernard Parish School Board (School Board). Couture retained attorneys Vivian Guil-lory and Clark Roy (Guillory and Roy) to represent him in seeking judicial review of his dismissal by the School Board. On the date that the matter was originally set for trial, the parties reached a partial compromise and settlement, whereby Couture agreed to dismiss several of his claims against the School Board in exchange for monetary compensation. In this agreement, unlike the plaintiff in our case who released all of his rights/claims against the St. Bernard Parish Sheriffs Department in the underlying personal injury suit by virtue of his execution of a Receipt and Release, Couture agreed to preserve two of his rights. Following a hearing, the trial court rendered judgment reversing the action of the School Board and reinstating Couture to his former position. The School Board appealed, and this Court reversed the trial court’s judgment and reinstated the disciplinary action taken by the School Board in dismissing Couture from his employment. Couture’s attorneys did not take a writ *645 from this decision to the Supreme Court, and as a result, the Fourth Circuit’s decision is now final.
Couture subsequently retained new counsel and filed a malpractice claim against Guillory and Clark for their alleged negligence' in failing to seek writs from the Fourth Circuit’s decision. In response, Guillory and Clark each filed a Motion for Partial Summary Judgment, arguing that as a matter of law, Couture was not entitled to recover from them damages for claims which he had previously discharged by compromise agreement executed in the underlying suit. Guillory and Clark further argued that because Couture, in this compromise 17agreement, dismissed his claim for loss of wages, loss of benefits, mental anguish and other general damages allegedly sustained as result of his discharge, those damages would not have been available to him even if Couture would have been successful in a writ to the Supreme Court. The trial court granted Clark and Guillory’s Motions for Partial Summary Judgment.
This Court affirmed, holding that the only claims for damages that could be asserted by the client against the attorneys were those claims that were not discharged by the client prior to trial against his former employer. In our reasoning, we noted that Couture can have no greater rights against his attorneys for the negligent handling of a claim than were available to him in the underlying claim against the School Board. Couture, supra at 532. We further stated as follows:
By the express terms of the Restricted Release and Reservation of Rights executed by plaintiff prior to the trial against the School Board, plaintiff discharged all of his claims for damages against the School Board, except his claim for reinstatement and his claim to seek judicial reversal of his dismissal. The words of the agreement are clear and unambiguous and this agreement has a force equal to the authority of the things adjudged. La. Civil Code art. 3078 (Emphasis ours). To the extent that plaintiff asserts claims for damages against his former attorneys in this malpractice action which were clearly discharged in the underlying suit against the School Board, we find that defendants are entitled to judgment as a matter of law dismissing these claims. (Emphasis ours).
Spellman v. Bizal, 99-0723, pp. 10-11, 755 So.2d at 1019.
Similarly, Mr. Prince discharged his claim for damages when his receipt and release agreement was executed. Mr. Prince did not reserve any rights against Mr. Buck as part of his release with the defendants in the underlying claim. Therefore, following our rationale in Couture, even if the Princes were able to prove Mr. Bucks negligence at the trial of this matter, they would be limited to recovering damages for only those claims that they did not discharge in the compromise agreement with Mr. Princes employer.
fiMrs. Princes claims for mental anguish and loss of consortium, services and society would be the only claims that were not settled because she was not a party to the settlement. Yet, claims for pain and suffering, mental anguish, and loss of consortium are specifically excluded from the scope of compensation under workers compensation jurisprudence. La. R.S. 23:1032; See also Cox v. Glazer Steel Corp., 592 So.2d 425, 426 (La.App. 4 Cir. 1991). Moreover, Mrs. Prince did not have an attorney — client relationship with any of the attorneys involved in the underlying workers’ compensation case; consequently, she does not have standing to *646 bring a legal malpractice claim against anyone.
We find that this assignment of error is without merit because Mr. Prince cannot recover twice for the same damages, and Mrs. Prince cannot succeed in a legal malpractice claim against Mr. Buck.

Decree

For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.