971 So.2d 1227 (2007)
Terry HOLLAND
v.
Stephen J. HORNYAK & XYZ Insurance Company.
No. 07-CA-394.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Rehearing Denied January 14, 2008.
Terry Holland, Westwego, LA, In Proper Person.
William E. Wright, Jr., Charlotte C. Meade, Attorney at Law, New Orleans, LA, for Defendants/Appellees, Stephen J. Hornyak and Continental Casualty Company.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
Plaintiff, Terry Holland, appeals from the trial court's grant of summary judgment in favor of defendants, Stephen J. Hornyak and Continental Casualty Company, dismissing with prejudice Holland's claim for legal malpractice. For the reasons set forth below, we affirm.
Facts and Procedural Background[1]
For more than fifteen years, Terry Holland operated a business at 1611 Franklin *1229 Avenue in Gretna, Louisiana in a building Holland leased from Nelson and June Barrois. On August 2, 2000, Terry Holland (hereinafter "Holland") signed a document, which purported to sell the property from the Barrois' to Holland.[2] The document was signed by Terry Holland as "Purchaser," by Nelson Barrois as "Owner," and by June Barrois as "Witness."
According to Stephen Hornyak (hereinafter "Hornyak"), Holland approached him in August of 2003 to review the purported purchase agreement and represent Holland in protecting his legal rights. On October 3, 2003, the Barrois' donated their interest in the property to their adult children. The act of donation was recorded in the Jefferson Parish conveyance records. On October 14, 2003, eleven days after the act of donation was signed, the Barrois children donated their interest in 1611 Franklin Avenue to Junel, L.L.C., a Louisiana limited liability company. This act of donation was also recorded in the conveyance records. On November 11, 2003, Holland recorded the August 2, 2000 agreement in the Jefferson Parish conveyance records.
On November 24, 2003, Hornyak filed a Petition for Declaratory Judgment and to Rescind Donations on behalf of Holland. In their answer to the petition, the defendants asserted that the agreement of August 2, 2000 is a nullity, because the signature of both spouses is required to alienate community property. Since Mrs. Barrois signed only as a witness, the agreement was absolutely null. The Barrois' defendants moved for summary judgment on the basis that the Offer to Purchase was an absolute nullity.
On March 17, 2004, after hearing argument from both parties, the trial judge granted summary judgment in favor the Barrois' defendants on the basis that the document was "fatally flawed" because Mrs. Barrios signed as a witness. Mr. Hornyak represented Holland at that hearing.
On April 19, 2004, Hornyak, still representing Holland, filed a Petition and Notice of Appeal with this Court.[3] This *1230 Court affirmed the trial court's grant of summary judgment on that basis that the original agreement, which Hornyak did not draft, was absolutely null because Mrs. Barrois signed as a witness, not as a party. Holland v. Barrios, 04-883 (La.App. 5 Cir. 12/28/04), 892 So.2d 675, writ not considered,[4] 05-0250 (La.4/1/05), 898 So.2d 384.
On March 9, 2006, Holland filed the instant legal malpractice action against his original attorney, Stephen Hornyak and Hornyak's malpractice insurer (hereinafter when the term "defendants" is used, it will refer to them exclusively). On June 1, 2006, defendants answered the lawsuit. On July 21, 2006, the defendants filed a motion for summary judgment seeking dismissal of Holland's suit. According to defendants, there was no genuine issue of material fact as to whether Hornyak provided negligent representation to Mr. Holland in his property dispute because the agreement was invalid and unenforceable, which precluded Holland from establishing causation or damages. Holland opposed defendants' motion for summary judgment.
On February 2, 2007, after finding that there were no material facts in dispute, the trial judge rendered summary judgment in defendants' favor, dismissing, with prejudice, Holland's claims against them. Holland now appeals.
Discussion
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37; Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The supreme court has recognized that a "genuine issue" is a "triable issue," or an issue on which reasonable persons could disagree. Champagne v. Ward, 03-3211 (La.1/19/05), 893 So.2d 773; Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. A fact is material for summary judgment purposes when its existence or nonexistence may be essential to claimant's cause of action under the applicable theory of recovery. La. C.C.P. art. *1231 966. In other words, material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/05/94), 639 So.2d 730.
To establish a claim for legal malpractice, a plaintiff must prove the existence of an attorney-client relationship, negligent representation by the attorney, and loss caused by that negligence. Costello, 864 So.2d at 138, citing Finkelstein v. Collier, 636 So.2d 1053, 1058 (La.App. 5 Cir.1994). Failure to prove any one of these elements is fatal to the claim. Id.
An attorney is liable to his client for the damages caused by the attorney's negligence in handling the client's business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed. Bauer v. Dyer, 00-1778 (La. App. 5 Cir. 2/28/01), 782 So.2d 1133, writ denied, 01-0822 (La.5/25/01), 793 So.2d 162. The proper method of determining whether an attorney's malpractice is a cause in fact of damage to his client is whether the performance of that act would have prevented the damage. Id.
A plaintiff can have no greater rights against attorneys for the negligent handling of a claim than are available in the underlying claim. See, e.g., Spellman v. Bizal, 99-0723 (La.App. 4 Cir. 3/1/00), 755 So.2d 1013, 1019; Couture v. Guillory, 97-2796, (La.App. 4 Cir. 4/15/98), 713 So.2d 528, 532, writ denied, 98-1323 (La.6/26/98), 719 So.2d 1287. In the instant case, this Court determined that Holland could not have prevailed in his underlying claim since the Offer to Purchase was invalid and, thus, affirmed the trial court's grant of summary judgment.
We find defendants have established that summary judgment was proper as to Holland's legal malpractice claim. Thus, we find no error in the trial court's grant of summary judgment in favor of attorney, Stephen Hornyak. There is no genuine issue of material fact as to whether Hornyak was negligent in his representation of Holland or whether his action/inaction was the proximate cause of Holland's alleged loss. Quite simply, Holland cannot prove that he sustained a loss as a result of Hornyak's action or inaction. In the instant case, Holland's claims centers around the loss of his opportunity to purchase property from the Barrios family. The cause of Holland's loss, however, was not Hornyak's action or inaction, but Holland's choice to enter into an agreement to purchase real propertythe faulty "Offer to Purchase," which Hornyak did not confect that did not properly protect his interests.
Based on the foregoing, the judgment of the trial court is affirmed. Costs are assessed to plaintiff-appellant, Terry Holland.
AFFIRMED.
GUIDRY, Judge, dissents with reasons.
GUIDRY, J., dissenting.
I respectfully dissent from the majority opinion. Holland alleges in this legal malpractice case that his attorney was negligent for failing to timely file a writ application to the Supreme Court from the previous decision of this Court and for failing to allege fraud and other causes of action that would have prevented summary judgment. In my view, both these allegations raise material issues of fact that preclude summary judgment.
The majority bases its contrary decision on the reasoning that this Court's previous opinion held that "Holland could not have *1232 prevailed in his underlying claim since the Offer to Purchase was invalid." I find that reading of the previous opinion overbroad. The previous opinion by this Court did not hold that Holland could not prevail on his claim, only that the Offer to Purchase was unenforceable as signed. In fact, the opinion expressly states, "[b]ecause we find that the agreement is unenforceable, we need not address the other issues raised by the appellant." A timely application to the Supreme Court may have corrected possible error.
In addition, Holland alleges his attorney was negligent in failing to allege fraud and other causes of action that could have prevented summary judgment. This raises material issues of fact precluding summary judgment given the facts of the case. The Offer to Purchase was confected by the Barrios' representative, and any ambiguities therein should have been interpreted against them. All the parties were in the office and agreed to the terms of the agreement, despite where or how Mrs. Barrios may have put her signature. Under the circumstances, it seems to at least raise issues of fact as to whether causes of action asserting fraud, ratification, detrimental reliance or equitable estoppel may have been successful.
In my view, there are material issues of fact concerning the alleged negligent handling of Holland's case that preclude summary judgment. Accordingly, I dissent.
NOTES
[1] The facts of the underlying litigation were taken from the appellate record as well as this Court's opinion in the underlying litigation. See Holland v. Barrios, 04-883 (La.App. 5 Cir. 12/28/04), 892 So.2d 675, writ not considered, 05-0250 (La.4/1/05), 898 So.2d 384.
[2] The underlying agreement entitled "Offer to Purchase" reads:

Terry Holland, herein after [sic] called Purchaser, offers to purchase said property, 1611 Franklin Street, in the City of Gretna, Parish of Jefferson, State of Louisiana, and more particularly described as follows: TWO CERTAIN LOTS OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that part known as the town of McDonoghville, forming part of the City of Gretna, in Square 109, designated as Lots 2 and 3, bounded by Franklin, Solon, Kepler and Monroe Streets, measuring, each, 60 feet front on Franklin Street by 125 feet in depth between equal and parallel lines, more or less, from Nelson Barrios, herein after [sic] call [sic] owners for $114,000.
Purchaser has already paid $24,000 of purchase price in the form of improvements to the said property.
The offer does not effect [sic] the current leasing of said property. The current lease agreement will remain valid until acquisition of property is finalized by purchaser. The offer becomes active upon written notification to purchaser or by death of owner. Purchaser will have 180 days from notification or death of owners to execute the sale by paying the remaining $90,000.
All parties by evidence of their signature agree and understand this agreement.
[3] On appeal, Hornyak argued the following assignments of error, on behalf of Holland:

1. The court erred by finding, as a matter of law, that the Offer to Purchase was "fatally flawed."
2. The court erred by not finding, as a matter of law, that June Barrois' signature on the Offer to Purchase was confirmation of her voluntary obligation to Appellant, Terry Holland.
3. The court erred by not finding, as a matter of law, that the donation from the Barrois' to their children and the donation from the children to Junel, L.L.C. were not protected by the Public Records Doctrine because of the gratuitous nature of the donations and that the children, as both donees and subsequently as donors, were not bona fide purchasers.
4. The court erred by not finding, as a matter of law, that the donation from the Barrois' to their children and the donation from the children to Junel, L.L.C. were not protected by the public records doctrine because of the elements of bad faith, circumvention and fraud interlaced with the actions of Appellees.
5. The court erred by not finding, as a matter of law, that the use of summary judgment was inappropriate since the factual issues raised in the pleadings and documents were adequate to have caused the matter to proceed to trial.
6. The court erred by ignoring the listed disputed facts rooted in the issues of law present in this case in appellant's Memorandum.
[4] The Louisiana Supreme Court refused to consider the writ application on the basis that it was untimely. Holland v. Barrios, 05-0250 (La.4/1/05), 898 So.2d 384.