# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

No. 12-30853

Lyle W. Cayce
Clerk

COLONIAL FREIGHT SYSTEMS, INCORPORATED,

Plaintiff-Appellant

v.

ADAMS & REESE, L.L.P.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:11-cv-1755

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Colonial Freight Systems, Inc. ("Colonial"), appeals from a grant
of summary judgment for defendant Adams & Reese, L.L.P. ("A&R"), on
Colonial's legal malpractice claim and A&R's billing counterclaim. Our review
is *de novo. See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 313 (5th Cir. 2007).
"Summary judgment is proper if the evidence shows that there is no genuine
issue as to any material fact and that the moving party is entitled to judgment
as a matter of law." *Id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30853

Under Louisiana law, the three elements of a legal malpractice claim are (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence. *See MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173, 1184 (La. 2011). Although A&R argues that Colonial's settlement legally precludes its malpractice suit, we need not resolve this question because Colonial cannot establish loss causation.

To prove factual loss causation, a malpractice plaintiff must show that it suffered a loss that would not have occurred but for its attorney's negligent acts or omissions. *See Leonard v. Reeves*, 82 So. 3d 1250, 1262 (La. Ct. App. 2012). In *Jenkins v. St. Paul Fire & Marine Insurance Co.*, however, the Louisiana Supreme Court clarified that "[a] client [who] has proved that his former attorney . . . failed to assert [a] claim timely" is entitled to a presumption of "some loss," thereby shifting the burden to the attorney to disprove the loss. 422 So. 2d 1109, 1110 (La. 1982). The Louisiana First Circuit held in *Leonard* that the *Jenkins* rationale applies "only to . . . the final or complete loss of an opportunity to assert a legal claim (or . . . present a defense) caused by an attorney's negligent failure to comply with the applicable procedural standards." 82 So. 3d 1250, 1259 (La. Ct. App. 2012).[1]

Colonial urges that A&R's negligent failure to advise the company of its right to a jury constitutes a failure to assert a defense as described in *Jenkins* and *Leonard*. But in *Teague v. St. Paul Fire & Marine Insurance Co.*, the Louisiana First Circuit clarified that the loss of a right to a jury is not comparable to the loss of a substantive claim or defense. 10 So. 3d 806 (La. Ct. App. 2009). The *Teague* court reasoned that "[a] procedural right to trial by jury

---

[1] The Louisiana Supreme Court's decision in *MB Industries, LLC v. CNA Insurance Co.*, 74 So. 3d 1173 (La. 2011), validates *Leonard*, stating that causation is "an essential element of any tort claim," and that a plaintiff continues to bear the initial burden of "establish[ing] some causal connection" between the negligence and the alleged loss. *Id.* at 1187.

2

has no intrinsic economic value," and that it would be contrary to public policy to speculate as to whether a jury or judge would, on a given set of facts, act more (or less) favorably toward a particular litigant. *Id.* at 840-42 & n.32. We therefore find that Colonial is not entitled to a *Jenkins* presumption

Thus, Colonial was required to establish a causal connection between the attorney's negligence and the alleged loss to survive summary judgment. *MB Indus.*, 74 So. 3d at 1187. However, if a malpractice plaintiff offers only a speculative theory of loss causation, the defendant is entitled to judgment as a matter of law. *See, e.g.*, *Spellman v. Bizal*, 755 So. 2d 1013, 1018 (La. Ct. App. 2000). Colonial's theory of loss causation hinges on two allegations: that A&R was negligent (1) by failing to inform Colonial of its right to demand a jury trial and (2) by engaging in unauthorized communication with opposing counsel and the trial judge regarding settlement value. Neither is persuasive.

First, Colonial claims that if A&R had apprised it of its right to a jury trial, it could have convinced Williams, the plaintiff in the underlying suit, to stipulate to less than $50,000 in damages, Louisiana's amount-in-controversy requirement for jury trials. We find this reasoning unpersuasive, as it not only flies in the face of the advice given to Colonial about the advisability of a jury trial,[2] but also runs headlong into *Teague*, which clarified that a plaintiff cannot create a triable issue on loss causation merely by speculating that a jury would have been a more favorable trier of fact than a judge. *See* 10 So. 3d at 841.

Second, Colonial argues that A&R's unauthorized suggestion to the trial judge that the case should settle for $250,000 may have shaded his recommended $263,000 settlement. Even overlooking Colonial's failure to present this argument clearly below, the company adduced no direct evidence that A&R actually conveyed the $250,000 figure to the trial judge. And even

---

[2] As A&R observes, Colonial's initial counsel in the underlying litigation advised the company that a bench trial was preferable to a trial before a New Orleans jury.

accepting that the law firm did so, Colonial's causal theory requires us to speculate that the trial judge allowed his recommendation to be influenced by Colonial's willingness to pay, rather than his objective assessment of the probabilities at trial. Such speculation would also contravene *Teague*, which "decline[d] to entertain" theories of loss causation that rely on impugning "the impartiality and objectivity of the trial judge." *Teague*, 10 So. 3d at 841 n.32. Thus, the district court did not err in granting A&R's motion for summary judgment as to Colonial's malpractice claim.[3]

Colonial also challenges the district court's order granting summary judgment for A&R on the parties' billing dispute. The district court granted A&R's motion because the summary judgment evidence showed that, even crediting Colonial with the legal fees it disputed, A&R was entitled to the $8,832.54 in undisputed and unpaid legal fees. The only question on appeal regarding the billing dispute is whether the district court erred in refusing to reopen discovery so Colonial could produce additional billing summaries to expand the disputed amount.

"[A] trial court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Colonial did not expressly ask the judge to reopen discovery or show good cause as to why discovery should have been reopened. Thus, we find that the district court reasonably declined to extend its discovery deadline, and affirm the district court's grant of summary judgment to A&R with respect to the billing issue.

Accordingly, we AFFIRM the district court's judgment.

---

[3] Colonial also suggests that A&R's alleged overbilling constitutes evidence of loss sufficient to support its malpractice claims. But as the district court observed, A&R's motion for summary judgment addressed only claims based on the settlement and did not address allegations about A&R's billing practices.