# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2022

Lyle W. Cayce
Clerk

No. 22-30027

United Specialty Insurance Company,

*Plaintiff—Appellant*,

*versus*

Olivia Y. Truong; Richard E. King; Melchiode Marks King, L.L.C.; ABC Insurance Company; Jamie A. Futral,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-480

Before Stewart, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant United Specialty Insurance Company ("United") appeals the district court's denial of its motion for reconsideration after the district court dismissed its legal malpractice claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30027

## I.   Facts & Procedural History

The facts of this case stem from an underlying suit in which United, through its managing general agent, QEO Insurance Group, retained as counsel Defendants-Appellees Olivia Y. Truong, Richard E. King, Melchiode Marks King, LLC, and Jamie Futral (collectively, "Truong"). In the underlying matter, the plaintiff Diane Jackson was involved in a motor vehicle accident where she was rear-ended by a truck operated by Napoleon White ("White") during the course and scope of his employment with Vic 3 Enterprises, LLC ("Vic 3"). United provided automobile liability insurance coverage to Vic 3 and White. United, Vic 3, and White (collectively, "the state court Defendants") were codefendants in the underlying matter.

### a.   The underlying suit

On August 15, 2019, the state court Defendants filed a Stipulation of Liability, which provided that "White was the sole cause of the Incident and liability is not contested" so "this case can proceed to a trial on damages." Later that month, a jury trial concluded with a verdict in favor of Jackson and against United's insured in the amount of $1,632,192.24 plus interest thereon and court costs. Truong then filed a motion for judgment notwithstanding the verdict or alternatively for a new trial on behalf of United, which was ultimately denied on November 15, 2019. On December 19, 2019, Truong filed a notice and motion for suspensive appeal,[1] but did not furnish security in the form of a surety bond until January 16, 2020—twenty-eight days after

---

[1] Under Louisiana law, a suspensive appeal is "an appeal that suspends the effect or the execution of an appealable order or judgment." La. Code Civ. Proc. Ann. art. 2123.

2

No. 22-30027

the deadline provided by Louisiana Civil Code article 2123.[2] The surety bond was in the amount of $1,800,000 and bound only United, despite its codefendants having also been found liable.

In January 2020, Jackson filed a motion to dismiss the suspensive appeal, which the trial court granted on March 5, 2020 because the surety bond was not timely posted.  Then in April 2020, Truong filed a notice of intent to apply for a supervisory writ regarding the motion to dismiss, which the Louisiana Fifth Circuit Court of Appeal denied due to the untimely security furnishing. The appellate court also affirmed the trial court's dismissal of the suspensive appeal and converted it to a devolutive appeal, for which security is not required. This conversion enabled Jackson to immediately execute the August 2019 judgment.

Nearly two months later, United's insurance representative contacted Truong regarding the supervisory writ application, and Truong responded, "It completely slipped my mind to forward the writ denial, which is attached for your file (sorry!)." United alleged that it was unable to challenge the writ denial with the Louisiana Supreme Court because of Truong's delayed notice of the writ denial and failure to advise accordingly.

In September 2020, Truong received a demand letter from Jackson's counsel demanding payment from United in the amount of $1,903,986.37. In November 2020, Jackson filed two petitions for garnishment, requesting a writ of *fieri facias* to seize and possess all property rights of United and its

---

[2] Louisiana Code of Civil Procedure Article 2123 provides:

> Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
> . . .
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914. *Id.*

insured, White. Consequently, in November 2020, Jackson seized three dump trucks belonging to United's insured and co-defendant, Vic 3, effectively putting the company out of business. United paid the full value of the judgment to secure the return of Vic 3's trucks.

### b. *Procedural history*

On March 8, 2021, United filed this action asserting a legal malpractice claim against Truong. The complaint alleged that Truong approved the judgment casting United for an amount in excess of its policy limit of $1,000,000. On May 31, 2021, Truong filed a motion to dismiss for, *inter alia*, failure to state a claim under Rule 12(b)(6).[3] The district court granted Truong's motion on Rule 12(b)(6) grounds. Specifically, the district court determined that United adequately alleged the duty and breach elements of its legal malpractice claim, but that it failed to establish the cause-in-fact and legal cause elements. United then moved for reconsideration. The district court denied its motion and this appeal followed.

## II.   Standard of Review

This court reviews a district court's dismissal for failure to state a claim de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] Truong also moved to dismiss under Rules 12(b)(1), 12(b)(7), and 12(e). The district court denied the motion as to Rules 12(b)(1) and (7) and concluded that the Rule 12(e) motion was moot.

## III.  DISCUSSION

Under Louisiana law, "[t]o establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence." *Ewing v. Westport Ins. Corp.*, 2020-00339 (La. 11/19/20), 315 So. 3d 175, 180, *reh'g denied*, 2020-00339 (La. 2/9/21), 310 So. 3d 175. Because "[a] legal malpractice claim in Louisiana is a negligence claim . . . derive[d] from La. C.C. arts. 2315 and 2316," *id.* at 182, a plaintiff must prove five elements: duty, breach, cause-in-fact, legal cause or scope of duty, and damages, *Pinsonneault v. Merchants & Farmers Bank & Tr. Co.*, 2001-2217 (La. 4/3/02), 816 So. 2d 270, 276.

As to the first two elements, the district court identified Truong's failure to timely post the surety bond as a breach of Truong's duty to act with reasonable promptness and diligence in their representation. It further concluded that Truong's failure to timely inform United of the appellate court's denial of the supervisory writ was a breach of the duty to render competent representation, which encompasses the duty to reasonably inform one's client. Having considered Truong's arguments to the contrary, we leave these conclusions undisturbed.

Regarding cause-in-fact, the district court acknowledged that if Truong had timely posted the surety bond required to file a suspensive appeal, Jackson would not have been able to immediately execute the judgment. It reasoned, however, that posting the surety bond would not have necessarily precluded United from eventually having to pay the judgment on behalf of its insured. This is because the parties to the underlying suit stipulated prior to trial that White was the "sole cause of the Incident," and United was found solidarily and jointly liable in the judgment. The district court pointed out that as White's insurer, "United agreed to indemnify [White] for the resultant damages, at least up to the policy limit, regardless

of [Truong's] negligence." It further determined that even if the bond had been timely posted, United would have been liable for the full amount of the judgment if affirmed on appeal. As to the legal cause element, the district court reasoned that because the suspensive appeal was converted into a devolutive appeal that could potentially result in a reversal, Truong still sustained United's right to challenge the underlying judgment, meaning United failed to plead the legal cause element of its claim.

United argues that the district court erred in holding that it failed to allege that Truong's alleged malpractice caused United's damages. It asserts that the district court's analysis overlooked its critical allegation that Truong approved a judgment that made United liable for the entire amount of the jury award even though this amount exceeded the policy limit.[4] It further contends that even without that critical allegation, it still adequately alleged that Truong's negligence caused its damages because, by posting a bond that exceeded United's policy limits, Truong effectively rewrote United's policy to extend its liability limit. Said another way, even if Truong had not approved the excess judgment, their posting of the $1,800,000 bond had the same effect. Finally, United avers that Truong's failure to timely post the bond for the suspensive appeal resulted in United's having to pay the excess

---

[4] At the outset, we reject United's argument that the district court never addressed its allegation that Truong's approving the excess judgment caused it to suffer liability for an amount that exceeded its policy limits. United made this allegation in its complaint and repeated it in its opposition to Truong's motion to dismiss and in its motion for reconsideration. Because United advanced this argument in the "Breach of Duty" section of its opposition, the district court addressed it in the "Breach of Duty" section of its order on Truong's motion to dismiss. Specifically, the district court noted that "United alleges that defendants' failure to review the underlying judgment casting United in excess of its policy limits breached defendants' duty to act as prudent attorneys." The district court declined to analyze this argument, however, because it concluded that United had adequately alleged a breach on other grounds.

judgment more than a year earlier than it would have been required to pay had the suspensive appeal been perfected. Thus, United lost interest and earnings on approximately $1.9 million over the course of thirteen months. We address these arguments in turn.

### a.  Cause-in-fact

"An attorney is liable to his client for the damages caused by the attorney's negligence in handling the client's business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed." *Holland v. Hornyak*, 07-394 (La. App. 5 Cir. 11/27/07), 971 So. 2d 1227, 1231, *writ denied*, 2008-0333 (La. 4/25/08), 978 So. 2d 366. "The proper method of determining whether an attorney's malpractice is a cause in fact of damage to his client is whether the performance of that act would have prevented the damage." *Id.* "If the alleged loss would have resulted irrespective of any alleged negligence, that alleged negligence is not actionable as a substantial factor or a cause in fact." *Colonial Freight Sys. Inc. v. Adams & Reese LLP*, No. CIV.A. 11-1755, 2012 WL 1570103, at *2 (E.D. La. May 3, 2012), *aff'd*, 524 F. App'x 142 (5th Cir. 2013).

Here, as Truong convincingly explains, the trial in the underlying suit followed the parties' stipulating to United's joint and solidary liability with its codefendants. Thus, the underlying judgment was caused by that stipulation and the jury's calculation of damages, not by Truong's actions. Because United's alleged loss would have resulted regardless of any alleged negligence by Truong, we hold that the district court did not err in concluding that United failed to establish the cause-in fact element of its legal malpractice claim. *See Colonial Freight Sys. Inc.*, 2012 WL 1570103, at *2.

### b.  Legal cause

"As in any tort claim, the plaintiff in a malpractice claim must establish that the attorney's breach was not only the factual cause but also the legal cause of any injury." *Leonard v. Reeves*, 2011-1009 (La. App. 1 Cir.

1/12/12), 82 So. 3d 1250, 1263. "The proper inquiry [is] how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced." *Simmons v. CTL Distrib.*, 03-1301 (La. App. 5 Cir. 2/23/04), 868 So. 2d 918, 925. Here, the short answer is not easily.

In this case, the risk of the injury to United is more closely associated with the state court Defendants' waiver of their right to contest liability so that the case could proceed to a trial on damages. Moreover, as the district court observed, because the suspensive appeal was converted into a devolutive appeal, Truong sustained United's right to challenge the judgment and potentially attain a reversal. *See Baton Rouge Bank & Tr. Co. v. Coleman*, 582 So. 2d 191, 192 (La. 1991) ("[W]hen an appellant fails to file a suspensive appeal from a final judgment timely, the judgment does not thereby acquire the authority of the thing adjudged, and the court of appeal does have jurisdiction to reverse, revise or modify the judgment (as long as the appeal was filed within the time limit for appealing devolutively).").

Accordingly, we hold that the district court properly granted Truong's motion to dismiss under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.